DEC 6 2023 PM12:07
FILED - USDC - FLMD - ORL

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

MELENDEZ, MICHAEL (Pro Se)

       vs.

HAMILTON, TODD, in his official and individual capacity
JOHN DOE, in his official and individual capacity
TIGER ORLANDO SANFORD LLC, in its official and individual capacity
WOODSPRING SUITES, LLC, in its official and individual capacity

## COMPLAINT with JURY DEMAND

### PARTIES TO THIS COMPLAINT:

1. Plaintiff Michael Melendez (395 Mendon Road, Apt. 12A, North Smithfield, RI 02896).

2. Defendant Todd Hamilton (171 Hickman Drive, Sanford, FL 32771). At all times relevant hereto is sued both in his official and individual capacity.

3. Defendant John Doe (171 Hickman Drive, Sanford, FL 32771). At all times relevant hereto is sued both in his official and individual capacity.

4. Tiger Orlando Sanford LLC (13024 Ballantyne Corp Place, Suite 1000, Charlotte, NC 28277). At all times relevant hereto is sued both in its official and individual capacity.

5. Woodspring Suites, LLC (8621 East 21st Street North, Suite 250, Wichita, KS 67206). At all times relevant hereto is sued both in its official and individual capacity.

### STATEMENT OF FACTS

6. Plaintiff Melendez is a resident of New Hampshire.

7. Defendant Todd Hamilton is a resident of Florida.

8. Defendant Hamilton is the general manager at Woodspring Suites (Sanford), located at 171 Hickman Drive, Sanford, FL 32771.

9. Defendant John Doe is a resident of Florida.

10. Defendant John Doe works maintenance at Woodspring Suites (Sanford).

11. Defendant John Doe stated his name is "Robert."

12. Defendant John Doe did not disclose his last name.

13. No employee of Woodspring Suites (Sanford) knew or would disclose Defendant John Doe's last name.

14. Tiger Orlando Sanford LLC is the owner of Woodspring Suites (Sanford).

15. Woodspring Suites (Sanford) is a subsidiary company of Defendant Woodspring Suites, LLC.

16. Woodspring Suites (Sanford) is a public accommodation defined under 42 U.S.C. § 12181.

## JURISDICTION AND VENUE

17. Plaintiff Melendez's claims arise under 42 U.S.C. § 12203, 42 U.S.C. § 1981, and Florida Common Law.

18. This Court has jurisdiction over Plaintiff Melendez's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

19. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists, and damages exceed $75,000.

20. This Court has supplemental jurisdiction over Plaintiff Melendez's Florida state law claims pursuant to 28 U.S.C. § 1367, as the state law claims arise from identical facts as the federal claims.

21. Venue is appropriate as all stated events occurred in Sanford, Florida (Orange County).

## STATEMENT OF CLAIMS

## DEFENDANT JOHN DOE RECKLESSLY INFLICTED EMOTIONAL DAMAGE ON PLAINTIFF MELENDEZ BY INTENTIONALLY INTRUDING ON PLAINTIFF'S PRIVATE AFFAIRS, VIOLATING INTRUSION & IIED

**Claim One - Defendant John Doe intentionally intruded on Plaintiff's private affairs, violating Intrusion under FL Common Law.**

22. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

23. On November 4, 2023, Woodspring Suites was receiving pest control by a third-party company.

24. Defendant John Doe was working at Woodspring Suites and escorted the third-party company while treatment was being applied on the premises.

25. Defendant John Doe escorted the pest control company to several interior parts of the hotel, to include guests' rooms.

26. Defendant John Doe intentionally entered the hotel room Plaintiff Melendez was occupying.

27. Defendant John Doe did not knock or wait for permission or invitation prior to entering the hotel room.

28. Defendant John Doe did not announce himself or the party being escorted before entering the hotel room.

29. Defendant John Doe did not confirm room vacancy before entering the hotel room without permission.

30. Defendant John Doe intentionally intruded on Plaintiff's private affairs, violating Intrusion under FL Common Law.

31. Defendant John Doe has experience in the hospitality industry.

32. Defendant John Doe was aware of hotel policy regarding guests' privacy.

33. Defendant John Doe was aware guests have federally protected privacy rights.

34. Defendant John Doe was aware Plaintiff Melendez had an expectation of privacy inside a hotel room.

35. Defendant John Doe did not take any action to protect Plaintiff's right to privacy.

36. Defendant John Doe did not have the privilege or any legitimate reason to enter the hotel room without permission or invitation.

37. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; and emotional distress.

**Claim Two - Defendant John Doe recklessly inflicted emotional damage on Plaintiff Melendez by intruding on Plaintiff's private affairs, violating IIED**

38. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

39. Defendant John Doe's intentional intrusion into Plaintiff's private affairs, specified in Claim One (paragraphs 22-37), recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under FL Common Law.

40. Defendant John Doe recklessly entered the hotel room Plaintiff Melendez was occupying.

41. Defendant John Doe was aware Plaintiff Melendez had an expectation of privacy inside a hotel room.

42. Defendant John Doe recklessly did not take any action to protect Plaintiff's right to privacy.

43. Defendant John Doe did not have the privilege or any legitimate reason to enter the hotel room without permission or invitation.

44. Defendant John Doe's reckless actions are outrageous, as Defendant: 1) was completely indifferent to the well-established right to privacy; 2) intentionally entered Plaintiff's safe space of privacy and intimacy; 3) enters hotels rooms without permission on a regular basis; 4) and is aware of the probable, severe, emotional damage that occurs when violating someone's privacy.

45. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; and emotional distress.

**DEFENDANT TODD HAMILTON RECKLESSLY INFLICTED EMOTIONAL DAMAGE ON PLAINTIFF MELENDEZ BY IMPROPERLY IMPLYING PLAINTIFF MELENDEZ WAS DAMAGING HOTEL PROPERTY, VIOLATING DEFAMATION BY IMPLICATION, IIED, & 42 USC 1981**

**Claim Three - Defendant Todd Hamilton improperly implied Plaintiff Melendez was damaging hotel property, violating Defamation by Implication**

46. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

47. On November 5, 2023, Defendant Hamilton was walking the premises of Woodspring Suites (Sanford) and noticed Plaintiff Melendez vacuuming a vehicle.

48. Defendant Hamilton, while yelling across a public parking lot, stated, "Hey, what are you doing to my building?"

49. Defendant was referring to Plaintiff Melendez utilizing an outlet to power the vacuum.

50. Defendant Hamilton makes this statement in a confrontational, accusatorial, and condescending manner, while proceeding directly to the hotel room window where Plaintiff Melendez and his family were occupying.

51. Defendant Hamilton did not allow Plaintiff Melendez an opportunity to address the question before approaching the hotel room window and begin to intently stare directly into the room of Plaintiff's family.

52. After investigation, Defendant discovered no damage to the hotel property.

53. Defendant found no reason to prevent Plaintiff Melendez from continuing to vacuum.

54. The vacuum cord was passed through a space between the removable window screen and the window frame.

55. Defendant Hamilton already knew the screens were removable and could easily give access to an electrical cord without any damage to any property.

56. Although Defendant Hamilton investigated the situation, determined no damages, and didn't prevent Plaintiff from continuing, Defendant Hamilton publicly announced to Plaintiff Melendez, "Don't be breaking my property."

57. Defendant Hamilton had the responsibility to maintain the hotel premises.

58. Defendant Hamilton's responsibilities don't grant Defendant Hamilton immunity or privilege to defame Plaintiff Melendez.

59. Defendant Hamilton's responsibilities don't grant Defendant Hamilton the ability to humiliate Plaintiff Melendez.

60. Defendant Hamilton's statements and actions are baseless, and imply a defamatory connection, that Plaintiff Melendez was engaged in criminal activity (damaging hotel property), violating Defamation by Implication, under FL Common Law.

61. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; and emotional distress.

**Claim Four - Defendant Todd Hamilton recklessly inflicted emotional damage on Plaintiff Melendez by defaming Plaintiff's character by implication, violating IIED**

62. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

63. Defendant Hamilton's defamation by implication of Plaintiff Melendez, specified in Claim Three (paragraphs 46 – 61), recklessly inflicted emotional damage on Plaintiff Melendez, likewise, violating IIED under FL Common Law.

64. Defendant Hamilton had the responsibility to maintain the hotel premises.

65. Defendant Hamilton's responsibilities don't grant Defendant Hamilton immunity or privilege to humiliate and degrade Plaintiff Melendez.

66. Defendant Hamilton's treatment of Plaintiff Melendez was degrading.

67. Defendant Hamilton behaved as an authoritative figure investigating a subordinate (Plaintiff Melendez).

68. Plaintiff Melendez was legally vacuuming a vehicle and was not creating a disturbance.

69. Defendant Hamilton stared into the hotel room window that Plaintiff Melendez's family was occupying.

70. Defendant Hamilton placed his face inches away from the window to increase visibility into the hotel room.

71. Defendant Hamilton had no legitimate reason to utilize a condescending tone against Plaintiff, behave aggressively, or falsely imply Plaintiff Melendez was involved in criminal activity.

72. Defendant Hamilton was indifferent to the probable, severe, emotional damage that treating Plaintiff as a suspect, and removing all sense of privacy and safety would inflict on Plaintiff.

73. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; and emotional distress.

**Claim Five - Defendant Todd Hamilton's defaming of Plaintiff's character by implication was motivated by race, violating 42 U.S.C. 1981**

74. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

75. Defendant Hamilton's defamation by implication of Plaintiff Melendez, specified in Claim Three (paragraphs 46 – 61), was motivated by race, likewise, violating 42 U.S.C. 1981.

76. Defendant Hamilton had the responsibility to maintain the hotel premises.

77. Defendant Hamilton's responsibilities don't grant Defendant Hamilton immunity or privilege to humiliate and degrade Plaintiff Melendez.

7

78. Defendant Hamilton's treatment of Plaintiff Melendez was degrading.

79. Defendant Hamilton behaved as an authoritative figure investigating a subordinate (Plaintiff Melendez).

80. Plaintiff Melendez was legally vacuuming a vehicle and was not creating a disturbance.

81. Defendant Hamilton had no legitimate reason to utilize a condescending tone against Plaintiff, behave aggressively, or falsely imply Plaintiff Melendez was involved in criminal activity.

82. Defendant Hamilton's defamatory implications were motivated by race as: 1) Plaintiff Melendez is Hispanic; 2) Plaintiff is a minority; and 3) this is Defendant's normal behavior towards minorities.

83. Defendant Hamilton's baseless and defamatory behavior doesn't occur without race being a motivating factor.

84. In discriminating against Plaintiff Melendez based on his race, Defendant Hamilton acted with willful and/or reckless disregard of Plaintiff's protected rights.

85. Defendant's actions were oppressive as Plaintiff suffered harm and discrimination due to race.

86. As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; and emotional distress.

**DEFENDANTS HAMILTON, TIGER ORLANDO SANFORD LLC, & WOODSPRING SUITES, LLC WRONGFULLY REMOVED PLAINTIFF MELENDEZ FROM THE HOTEL AS RETALIATION, VIOLATING: 42 U.S.C. 12203, DEFAMATION BY IMPLICATION, & IIED**

**Claim Six – Defendants Hamilton, Tiger Orlando Sanford LLC, and Woodspring Suites, LLC wrongfully removed Plaintiff Melendez from the hotel as retaliation for opposing discrimination, violating 42 U.S.C. 12203**

87. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

8

88. On November 9, 2023, Defendants Hamilton, Tiger Orlando Sanford LLC, and Woodspring Suites, LLC called emergency services (Police) on the pretext Plaintiff Melendez must leave the premises for two reasons: 1) Plaintiff has a pet that is not allowed by policy; and 2) Plaintiff Melendez is an unregistered guest.

89. Plaintiff Melendez did not have a pet on the premises.

90. Plaintiff Melendez is severely disabled and requires a service animal.

91. Defendants removed Plaintiff Melendez for having a service animal that Defendants recklessly classified as a "pet."

92. Defendants never approached Plaintiff Melendez regarding the service animal, or prior to calling the police.

93. Plaintiff Melendez's service animal did not cause any damage or disturbance.

94. Plaintiff Melendez's service animal did not display any inappropriate behavior.

95. It was reckless for Defendants to call the police regarding the service animal, as basic questions regarding the animal would have provided Defendants sufficient clarification prior to involving emergency services over a service animal.

96. Defendants' second claim, Plaintiff was an unregistered guest, is not supported by Defendants' behavior and operating procedures.

97. Defendants routinely don't include the second guest on the intake form.

98. Defendants were aware Plaintiff Melendez was on the hotel premises since November 4, 2023.

99. Defendant Hamilton, the general manager, among other staff members, spoke with Plaintiff Melendez on multiple occasions.

100.    Plaintiff Melendez's party was issued two rooms keys.

101.    Defendants called the police for Plaintiff being an unregistered guest after Plaintiff Melendez was on the premises for 6 days.

102.    Defendants received an email from Plaintiff Melendez accusing Defendants of discriminatory behavior.

103.    Plaintiff Melendez sent the discrimination opposing email to "Gm.flf34@woodspring.com" only hours prior to Defendants calling emergency services.

104.    Defendants had no legitimate reason to call emergency services against Plaintiff.

105.    Defendants raised no concern with Plaintiff Melendez being on the premises or the required service animal until Plaintiff's discrimination opposition through email, further demonstrating Defendants' retaliation for opposing discrimination, violating 42 U.S. C. 12203.

106.    Defendants knew of the foreseeable damage that misleading the police would have on Plaintiff Melendez, as no other outcome could have been reasonably expected.

107.    Defendants' actions are malicious as Defendants recklessly forced a family to become homeless, instead of addressing and correcting the ongoing discriminatory behavior.

108.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; and emotional distress.

**Claim Seven – Defendants Hamilton, Tiger Orlando Sanford LLC, and Woodspring Suites, LLC defamed Plaintiff Melendez by wrongfully removing Plaintiff from the hotel, violating Defamation by Implication**

109.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

110.    Defendants Hamilton, Tiger Orlando Sanford LLC, and Woodspring Suites, LLC calling emergency services (police) on the pretext Plaintiff is an unregistered guest and has a pet, specified in Claim Six (paragraphs 87 – 108), defamed Plaintiff, likewise, violated Defamation by Implication under FL Common Law.

111.     Defendants had no legitimate reason to call emergency services (police).

112.     Defendants had no reason to believe Plaintiff was engaged in criminal activity.

113.     Defendants' purpose for defaming Plaintiff Melendez was to imply Plaintiff was criminally trespassing.

114.     Defendants needed to defame Plaintiff as a pretext to remove Plaintiff from the premises, as Defendants were aware Plaintiff was on the premises legally.

115.     The defamation Plaintiff Melendez experienced had Defendants' desired effect, that Plaintiff Melendez appeared to be violating policy and trespassing.

116.     The damage was foreseeable and could have no other reasonable or legitimate purpose.

117.     Defendants' actions were malicious, as Defendants intentional defamation of Plaintiff Melendez forced Plaintiff Melendez to endure homelessness.

118.     As a result of the Defendant's actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; and emotional distress.

**Claim Eight – Defendants Hamilton, Tiger Orlando Sanford LLC, and Woodspring Suites, LLC's wrongful removal of Plaintiff Melendez from the hotel, recklessly inflicted emotional damage on Plaintiff, violating IIED**

119.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

120.     Defendants Hamilton, Tiger Orlando Sanford LLC, and Woodspring Suites, LLC calling emergency services (Police) on the pretext Plaintiff is an unregistered guest and has a pet, specified in Claim Six (paragraphs 87 – 108), recklessly inflicted emotional damage on Plaintiff, likewise, violating IIED under FL Common Law.

121.     Defendants' actions are outrageous as Defendants: 1) were aware Plaintiff Melendez

was traveling with two minors (1y; 3y); 2) are a public accommodation that is removing guests

without reason;  3) called emergency services against Plaintiff Melendez, knowing no crime was

imminent; 4) recklessly forced a family to be homeless with the wrongful removal 5) are aware

guests who stay extended periods generally have no other residence 6) knew were violating

Plaintiff's well-established rights; 7) removed Plaintiff due to retaliation; and 8) had police

criminally investigate Plaintiff Melendez publicly for knowingly false allegations.

122.     Defendants' actions were malicious as Defendants intentionally proceeded illegitimately

against Plaintiff, despite the probable, foreseeable, severe mental harm that would be caused

by wrongfully removing Plaintiff and causing homelessness.

123.     As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; and emotional distress.

**DEFENDANTS TIGER ORLANDO SANFORD LLC & WOODSPRING SUITES, LLC RECKLESSLY INFLICTED
EMOTIONAL DAMAGE ON PLAINTIFF MELENDEZ BY CONDONING A CULTURE OF DISCRIMINATORY
BEHAVIOR TOWARDS MINORITIES, VIOLATING IIED**

**Claim Nine – Defendants Tiger Orlando Sanford LLC and Woodspring Suites, LLC recklessly inflicted
emotional damage on Plaintiff Melendez by condoning a culture of discriminatory behavior towards
minorities, violating IIED**

124.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

125.     Defendants Tiger Orlando Sanford LLC and Woodspring Suites, LLC recklessly inflicted

emotional damage on Plaintiff Melendez by condoning a culture of discriminatory behavior

towards minorities, violating IIED under FL Common Law.

126.    Defendants Tiger Orlando Sanford LLC and Woodspring Suites, LLC were aware of Defendants John Doe and Hamilton's ongoing, inappropriate, and discriminatory behavior Plaintiff Melendez experienced, as a significant number of previous guests had made similar complaints, specifically naming Defendant John Doe and Hamilton.

127.    Despite receiving numerous and similar complaints of discrimination, Defendants Tiger Orlando Sanford LLC and Woodspring Suites, LLC failed to conduct a sufficient investigation into the numerous complaints against Defendants John Doe and Hamilton.

128.    Defendants Tiger Orlando Sanford LLC and Woodspring Suites, LLC's failure to sufficiently investigate the complaints against Defendants John Doe and Hamilton, created an implied consent from Defendants Tiger Orlando Sanford LLC and Woodspring Suites, LLC.

129.    Defendants Tiger Orlando Sanford LLC and Woodspring Suites, LLC's implied consent provided Defendants John Doe and Hamilton an illegitimate immunity to continue their widespread discriminatory culture.

130.    Defendants Tiger Orlando Sanford LLC and Woodspring Suites, LLC's intentional or reckless failure to discover and correct Defendants John Doe and Hamilton's ongoing discriminatory behavior, created the circumstance that allowed Plaintiff Melendez to be another victim of Defendant John Doe and Hamilton's malicious behavior, specified in the above claims.

131.    Defendants Tiger Orlando Sanford LLC and Woodspring Suites, LLC's actions are outrageous as Defendants: 1) are a public accommodation; 2) are responsible for safety of its guests; 3) are completely indifferent to guest safety; 4) took no action to ensure ongoing discriminatory behavior cease; 5) are directly responsible for Defendants John Doe and Hamilton's behavior; and 6) is aware Defendants' indifference is harming a significant number of people.

132.     As a result of the Defendants Tiger Orlando Sanford LLC and Woodspring Suites, LLC's

actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial

loss; loss of reputation; humiliation; mental suffering; and emotional distress.

**PRAYER FOR RELIEF**

A.  Compensatory damages for all past and future economic losses incurred by the Plaintiff

resulting from the Defendants' misconduct to be determined at trial.

B.  General damages for all past and future mental suffering, emotional distress, loss of reputation

and embarrassment suffered by the Plaintiff resulting from the Defendants' misconduct to be

determined at trial.

C.  Punitive damages for willful or reckless disregard for Plaintiff Melendez's rights and intentionally

causing emotional damage to be determined at trial.

D.  Pre-judgment and post-judgment interest.

E.  Declare that the Defendants' acts, taken in their official capacities, as alleged above violate 42

U.S.C. § 12203; § 1981; and Florida Common Law.

F.  Declare that the Defendants' acts, taken in their individual capacities, as alleged above violate

42 U.S.C. § 12203; § 1981; and Florida Common Law.

G.  Costs incurred in this action.

H.  Such other further specific and general relief as may become apparent from discovery as this

matter matures for trial.

I.  A jury trial on all appropriate issues.

J.  Any and all other relief this Court may deem appropriate.

Date: December 6, 2023

Signature: _/s/ Michael Melendez, pro se_
Name:     Michael Melendez
Address:  395 Mendon Road, Apt. 12A
          North Smithfield, RI 02896
          Jae.marie614@gmail.com