UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:23-cv-02337-WWB-RMN

MICHAEL MELENDEZ,

    Plaintiff,

v.

HAMILTON, TODD
JOHN DOE
TIGER ORLANDO SANFORD LLC
WOODSPRING SUITES, LLC

    Defendants.
_____/

# DEFENDANT TIGER ORLANDO SANFORD, LLC'S MOTION TO DISMISS COUNTS SIX THROUGH NINE OF PLAINTIFF'S COMPLAINT

Defendant Tiger Orlando Sanford LLC, ("Tiger Orlando"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 8(a)(2), 10(b), 12(b)(6), and 12(b)(7) hereby files its Motion to Dismiss Counts Six through Nine of Plaintiff's Complaint ("Complaint") (D.E. 1), and in support thereof states as follows:

## I. INTRODUCTION

On December 6, 2023, Plaintiff filed a Complaint that advances several claims against Todd Hamilton, ("Hamilton"), John Doe, Woodspring Suites LLC, ("Woodspring"), and Tiger Orlando stemming from various alleged events that occurred during Plaintiff's stay at the Woodspring Suites Sanford located at 171 Hickman Drive, Sanford, Fl 32771, ("subject premises"). (D.E. 1). Counts Six through Nine assert various claims against Tiger Orlando. (D.E. 1, ¶¶ 87-123).

Plaintiff alleges that Tiger Orlando is the owner of the subject premises. (D.E. 1, ¶ 14) Plaintiff fails to allege, but implies, that he was a guest at the subject premises as of November 4, 2023. (D.E. 1, ¶ 98) Count Six of Plaintiff's Complaint alleges that on November 9, 2023, Hamilton, Tiger Orlando, and Woodspring wrongfully removed Plaintiff from the subject premises in retaliation to Plaintiff opposing the alleged discriminatory actions of Hamilton, the General Manager of the subject premises, violating 42 U.S.C. § 12203. (D.E. 1, ¶¶ 8 & 105)

Count Seven of Plaintiff's Complaint alleges that the alleged wrongful removal of Plaintiff from the subject premises resulted in defamation by implication claiming that the purposes for defaming Plaintiff was to imply he was criminally trespassing. (D.E. 1, ¶¶ 109-118) Count Eight of Plaintiff's Complaint alleges that the alleged wrongful removal of Plaintiff from the subject premises amounted to an intentional infliction of emotional distress. (D.E. 1, ¶¶ 119-123) Count Nine of Plaintiff's Complaint alleges, once again, that Tiger Orlando and Woodspring recklessly inflicted emotional damage on Plaintiff by condoning a culture of discriminatory behavior towards minorities. (D.E. 1, ¶¶ 124-132)

Plaintiff's causes of action against Tiger Orlando rely on mere conclusory allegations, rather than well-pleaded facts, in a far stretch attempt to involve Tiger Orlando a case in which Tiger Orlando had no involvement.

As more fully explained herein, Counts Six through Nine of Plaintiff's Complaint must be dismissed with prejudice as not only do they fail to state a claim, but Tiger Orlando does not own the subject premises.

## II. ARGUMENT

### A. Legal Standard

It is well established that in a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true…. [and] all reasonable inferences should be drawn in favor of the plaintiff. *Haddad v. Dudek*, 784 F.Supp.2d 1308, 1313-14 (M.D. Fla. 2011) (internal citations omitted). However, it is also well established that a claim should be dismissed if, after accepting the well pleaded allegations as true, the plaintiff is unable to state enough facts to establish that it is plausible the plaintiff is entitled to relief. *Ashcrorft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).

Specifically, the Supreme Court in *Twombly* emphasized that the line "between the factually neutral and the actually suggestive . . . must be crossed to enter the realm of plausible liability.'" *Twombly*, 550 U.S. at 557 n.5. Thus, in order for a claim to withstand, it must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - that the pleader is entitled to relief. " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. […] A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' […] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted).

**B.  Counts Six through Nine of Plaintiff's Complaint Should be Dismissed as Tiger Orlando is not the property owner.**

In ruling on a motion to dismiss, a Court can only consider documents "beyond the four corners of the complaint and its attached exhibits" if: (1) the documents are subject to judicial notice, or (2) the documents are undisputed and central to the plaintiff's claim. *Absolute Activist Value Master Fund Ltd. v. Devine*, 233 F. Supp. 3d 1297, 1316 (M.D. Fla. 2017).

Under limited circumstances, a court can look beyond the four corners of the complaint and its attached exhibits when ruling on a motion to dismiss, without converting it into a motion for summary judgment. *Id*. A circumstance recognized by the Eleventh Circuit is that a district court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Undisputed in this sense means that its authenticity is not challenged. *Id*. Courts can only take judicial notice of certain facts without formal proof only if the fact is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (quoting Fed. R. Evid. 201).

Tiger Orlando requests that the Court take judicial notice of the Seminole County Property Appraiser Record that is attached to the instant Motion to Dismiss as **Exhibit 1.** As discussed above, Plaintiff alleges that Tiger Orlando is the owner of the subject premises. (D.E. 1, ¶ 14) However, the property owner for the subject premises is WSS Sanford LLC. (Exhibit 1) As such, Counts Six through Nine of Plaintiff's Complaint should

be dismissed with prejudice as Tiger Orlando does not own the subject premises.

C. **Counts Six through Nine of Plaintiff's Complaint Should be Dismissed as they Constitute Impermissible Shotgun Pleadings in Violation of Federal Rule of Civil Procedure 8(a)(2)**

In the instant case, Counts Six through Nine of Plaintiff's Complaint violate Federal Rule of Civil Procedure 8(a)(2) as they fail to specify the specific conduct Tiger Orlando was responsible for.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim that shows that the pleader is entitled to relief." The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001). See also *Hirsch v. Ensurety Ventures, LLC,* 805 Fed. Appx. 987, 992 (11th Cir. 2020) (dismissing a complaint with prejudice where defendants were lumped together); See also *Estate of Bass v. Regions Bank, Inc.*, 947 F. 3d 1352, 1356 n.3 (11th Cir. 2020) (District Courts retain the "authority to dismiss a shotgun pleading on that basis alone.").

The Eleventh Circuit Court of Appeals has identified four categories of shotgun pleadings, including "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). These types of pleadings "[…] fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

In the instant matter, Counts Six through Eight of Plaintiff's Complaint commingle

multiple claims against Hamilton, Tiger Orlando, and Woodspring into single counts without specifying which Defendant is responsible for which act(s) or omission(s) or which claim is being brought against which Defendant. Counts Six through Eight fail to specify which actions, if any, were committed by each Defendant. Rather, Plaintiff generally alleges that "Defendants removed Plaintiff" from the subject premises and that "Defendants called the police" to remove Plaintiff. (D.E. ¶¶ 91, 101). Thus, the individual grounds for liability for each specific Defendant remain unclear and so does Tiger Orlando's ability to properly frame a response. Counts Six through Nine fail to distinguish precisely what each defendant is alleged to have done sufficiently enough to give Tiger Orlando fair notice and enable Tiger Orlando to formulate an answer. *See LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 819 (11th Cir. 2015); *see also Magluta v. Samples, 256 F.3d 1282,* 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").

Similarly, Count Nine of Plaintiff's Complaint repeats the same pattern collectively referring to Tiger Orlando and Woodspring as "Defendants" and asserting allegations which do not adequately reference each Defendant. (D.E. 1, ¶ 124-132) Thus, it is not clear which Defendant is being sued for what.

This is purely a matter of form over substance and does not satisfy federal pleading requirements. Accordingly, Counts Six through Nine of Plaintiff's Complaint must be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a)(2).

**D. Counts Six through Nine of Plaintiff's Complaint Should be Dismissed as they fail to Complaint with Federal Rule of Civil Procedure 10(b)**

Federal Rule of Civil Procedure 10(b) requires that a party "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b) further requires that each claim found on a separate transaction or occurrent … must be stated in a separate count." However, a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint also constitutes a shotgun pleading. *Estate of Bass v. Regions Bank, Inc.*, 947 F. 3d 1352, 1356 n.3 (11th Cir. 2020).

In the instant case, Plaintiff's Complaint violates Federal Rule of Civil Procedure 10(b) as Plaintiff "realleges and incorporates ... all of the allegations and facts contained in the preceding paragraphs", including allegations unrelated to each specific cause of action. (D.E. 1, ¶¶ 87, 109, 119, 124). For instance, Paragraph 87 of Plaintiff's Complaint realleges and incorporates all of the preceding paragraphs, which include Counts One and Two, which asserts claims against Defendant John Doe and Counts Three through Five, which assert claims against Defendant Hamilton. Accordingly, Counts Six through Nine of Plaintiff's Complaint must be dismissed for failure to comply with Federal Rule of Civil Procedure 10(b).

**E. Count Six of Plaintiff's Complaint Should be Dismissed as Plaintiff Fail to Show that Tiger Orlando, LLC's the Protected Expression or Casual Link Element as Required by the Statute**

The American with Disabilities Act (ADA) is a broad mandate outlining, 'No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the . . . privileges . . . of any place of public accommodation. 42 U.S.C. §

12182(a). The phrase 'public accommodation' is defined in terms of twelve extensive categories, which includes hotels. 42 U.S.C. § 12181(7). 42 U.S.C.A. § 12203(a) prohibits retaliation against rights protected under the ADA, while 42 U.S.C. § 12203(b) prohibits interference with rights protected under the ADA.

While the Plaintiff, remaining true to his theme of vagueness in the Complaint, does not clarify the section of 42 U.S.C. § 12203 under which he is bringing his claim, Tiger Orlando will assume Plaintiff is moving under 42 U.S.C. § 12203(a) as Plaintiff makes multiple references to retaliation on the part of the Defendants.

The anti-retaliation provision of the ADA prohibits discrimination against an individual because that individual "opposed *any* act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing" conducted under the statute. *See* 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation under the ADA, a plaintiff must show that (1) they engaged in statutorily protected expression; (2) they suffered an adverse action; and (3) the adverse action was causally related to the protected expression. *Higdon v. Jackson,* 393 F.3d 1211, 1218–19 (11th Cir. 2004). The failure to satisfy any of these elements is fatal to a complaint of retaliation. *Id.*

Protected activities, in the context of an ADA retaliation claim, include protesting against discrimination by industry or by society in general. *See* Americans with Disabilities Act of 1990 § 503, 42 U.S.C. § 12203(a). The causal link element is construed so broadly so that "a plaintiff merely has to prove that the protected activity and the ... [adverse] action are not completely unrelated." *Id*. A plaintiff satisfies this element if they provide sufficient evidence of knowledge of the protected expression and "that there was a close

temporal proximity between this awareness and the adverse ... action." *Id.* The Supreme Court has stated that "mere temporal proximity between ... knowledge of protected activity and an adverse ... action ... must be 'very close. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268 (2001).

Here, Plaintiff has not met the bare minimum of the protected expression or causal link requirements. Instead, Plaintiff merely pleads that he sent "the discrimination opposing email to Gm.Fl34@woodspring.com." (D.E. 1, ¶ 103). Plaintiff's Complaint does not specify whether he was protesting any discrimination exemplified by Tiger Orlando or discrimination in general, in fact it doesn't specify anything at all. (D.E. 1, ¶ 103). Additionally, while Plaintiff claims he sent the e-mail to Gm.Fl34@woodspring.com, Plaintiff does not plead any facts as to who this e-mail address belongs to. Accordingly, Plaintiff does not plead any facts to prove this e-mail is related to Tiger Orlando, or that anyone at Tiger Orlando could have knowledge of this e-mail. Further, as noted above, Tiger Orlando does not own the subject premises and had no involvement with the alleged events detailed in Plaintiff's Complaint. Thus, Count Six of Plaintiff's Complaint must be dismissed.

**F.** **Count Seven of Plaintiff's Complaints Should be Dismissed as it fails to state a claim for Defamation by Implication**

Defamation by implication arises, not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). In other words, defamation by implication is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements. *Id.* Whether a defendant's

statements constitute defamation by implication is a question of law for the court to determine. *Turner v. Wells*, 879 F.3d 1254, 1269 (11th Cir. 2018) (affirming dismissal where statements in defendant's report were insufficient to give rise to a claim of defamation by implication under Florida law).

A claim of defamation by implication fails if the complaint does not allege how defendant's allegations were true but gave a false implication or similarly if the complaint only alleges the allegations were false. *Corsi v. Newsmax Media, Inc.,* 519 F. Supp. 3d 1110, 1124 (S.D. Fla. 2021) In *Corsi*, the Plaintiff only plead in their complaint that the Defendants allegations were false, the court determined that as such the complaint must be dismissed because plaintiff had failed to meet the essential elements of proving a claim of defamation by implication. *Id.* at 1124.

Here, Plaintiff pleads that the Defendants committed defamation by implication because they called emergency services on Plaintiff claiming Plaintiff was an unregistered guest and that Plaintiff had a pet. (D.E. 1, ¶ 110) As such, Plaintiff alleges Defendants defamed him because Defendants made it appear that Plaintiff was violating policy and trespassing. (D.E. 1 ¶ 115) Under a theory of defamation by implication, Plaintiff must allege that the underlying statements are true. However, Plaintiff alleges that statements were false and that "Defendants had no legitimate reason to call emergency services." (D.E. 1, ¶ 111) further, as noted above, Tiger Orlando does not own the subject premises and had no involvement with the alleged events detailed in Plaintiff's Complaint. Thus, under this theory of defamation by implication, Count Seven of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**G. Counts Eight and Nine of Plaintiff's Complaint Should be Dismissed as both Fail to State a Claim Upon which relief can be granted.**

The elements of the tort of Intentional Infliction of Emotional Distress ("IIED") are (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and is regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Stanfield v. Suntrust Bank*, No.: 8:15-cv-01472-EAK-TBM, 2016 WL 899279, at *5 (M.D. Fla. Mar. 2, 2016). Florida courts have created a "rather stringent test to state a claim for IIED, stating an IIED case is one in which the recitation of the facts to an average member of the community would arouse [him] and lead him to exclaim, 'Outrageous!'" Where a plaintiff is unable to establish such required conduct or proximate cause, courts grant motions to dismiss. *Id*.

"Under Florida law, whether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of intentional infliction of emotional distress is *a matter of law for the court,* not a question of fact." *Golden v. Complete Holdings, Inc.,* 818 F. Supp. 1495, 1499–500 (M.D. Fla. 1993). "Although there is no definitive example of what constitutes "outrageous conduct" for the purposes of maintaining a cause of action for intentional infliction of emotional distress, Florida case law on the subject has evinced a comparatively high standard." *Id.* at 1499.

Count Eight of Plaintiff's Complaint alleges that Defendants' actions were outrageous as Defendants were aware that Plaintiff was traveling with two minors and recklessly forced a family to be homeless and had police criminally investigate Plaintiff for knowingly false allegations. (D.E. 1, ¶ 121) Count Nine of Plaintiff's Complaint alleges that Tiger Orlando and Woodspring recklessly inflected damaged on Plaintiff by

condoning a culture of discriminatory behavior towards minorities. (D.E. 1, ¶ 125) Plaintiff further alleges that Tiger Orlando and Woodspring were aware of Defendants John Doe and Hamilton's discriminatory behavior that Plaintiff experienced and despite Defendants Tiger Orlando and Woodspring knowing of similar complaints of discrimination Defendants Tiger Orlando and Woodspring failed to conduct investigation into those complaints. (D.E. 1, ¶ 126)

As noted above, Tiger Orlando does not own the subject premises and had no involvement with the alleged events detailed in Plaintiff's Complaint. Further, Plaintiff does not once in these allegations elaborate on what the alleged discriminatory behavior is, as such Plaintiff is unable to show that Tiger Orlando's alleged behavior was outrageous beyond all bounds of decency or that Tiger Orlando's alleged behavior was intentional or reckless.

**H.    CONCLUSION**

For these reasons, Tiger Orlando Sanford LLC respectfully requests that the Court dismiss Counts Six through None of Plaintiff's Complaint.

Respectfully submitted on <u>January 12, 2024</u>.

               LYDECKER LLP
               1221 Brickell Avenue, 19th Floor
               Miami, Florida 33131
               Telephone: (305) 416-3180
               Facsimile: (305) 416-3190

By: */s/ Paola M. Garcia*
   PAOLA M. GARCIA, ESQ.
   Florida Bar No: 106941
   pmg@lydecker.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on January 12, 2024. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

                LYDECKER LLP
                1221 Brickell Avenue, 19th Floor
                Miami, Florida 33131
                Telephone: (305) 416-3180
                Facsimile: (305) 416-3190

By:   */s/ Paola M. Garcia*
       PAOLA M. GARCIA, ESQ.
       Florida Bar No: 106941
       pmg@lydecker.com

## **SERVICE LIST**

**Jennifer A. Hoffman, Esq.**
Florida Bar No.: 981605
**Charles R. Frederick, Esq.**
Florida Bar No.: 1010962
CARR ALLISON
121 S. Orange Avenue, Suite 1500
Orlando, Florida 32801
Phone: (407) 783-6087
JHoffman@CarrAllison.com
RFrederick@CarrAllison.com
*Attorney for Defendant Todd Hamilton*


**Michael Melendez**
395 Mendon Road, Apt 12A
North Smithfield, RI 02896
Email: jae.marie614@gmail.com
*Pro Se Plaintiff*