UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6-23-cv-02337-WWB-RMN

MICHAEL MELENDEZ

    Plaintiff,

v.

HAMILTON, TODD
JOHN DOE
TIGER ORLANDO SANFORD LLC
WOODSPRING SUITES, LLC

    Defendants.

_____/

## DEFENDANT, TODD HAMILTON'S MOTION TO DISMISS COUNTS THREE THROUGH EIGHT

Defendant Todd Hamilton, ("Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 8(a)(2), 10(b), 12(b)(6), and 12(b)(7) hereby files his Motion to Dismiss Counts Three through Eight of Plaintiff's Complaint (D.E. 1), and in support thereof states the following:

### I.     INTRODUCTION

On December 6, 2023, Plaintiff filed a Complaint providing several claims against Todd Hamilton, John Doe, Woodspring Suites, LLC, and Tiger Orlando Sanford LLC, arising from alleged events that took place at the Woodspring Suites Sanford located at 171 Hickman Drive, Sanford, FL 32771. (D.E. 1). Counts Three through Eight assert various claims against Todd Hamilton. (D.E. ¶ 46-123).

Plaintiff fails to allege that he was an invitee at the property, instead implying that he was a guest by referencing that Plaintiff and his family were occupying a room. (D.E. 1, ¶¶ 26, 40, 50, 69, 98). Count Three of Plaintiff's Complaint alleges that Defendant, the General Manager for the subject premises, improperly implied Plaintiff was damaging hotel property, violating defamation by implication under 42 U.S.C. §1981. (D.E. 1 ¶ 60). Count Four of Plaintiff's Complaint alleges that Defendant recklessly inflicted emotional damage on the Plaintiff by defaming Plaintiff's character by implication, amounting to the intentional infliction of emotional distress. (D.E. 1 ¶¶ 63 – 73). Count Five of Plaintiff's Complaint alleges that Defendant's defaming of Plaintiff's character by implication was motivated by race, violating 42 U.S.C. §1981. (D.E. 1 ¶¶ 75 – 86).

Count Six of Plaintiff's Complaint alleges that on November 9, 2023, Defendant, Tiger Orlando Sanford LLC, and Woodspring Suites, LLC wrongfully removed Plaintiff from the subject premises in retaliation to Plaintiff opposing the alleged discriminatory actions of Defendant, violating 42 U.S.C §12203. (D.E. 1, ¶¶ 8 & 105). Count Seven of Plaintiff's Complaint alleges that the alleged wrongful removal of Plaintiff from the subject premises resulted in defamation by implication claiming that the purposes for defaming Plaintiff was to imply he was criminally trespassing. (D.E. 1, ¶¶ 109 – 118). Count Eight of Plaintiff's Complaint alleges that the alleged wrongful removal of Plaintiff from the subject premises amounted to an intentional infliction of emotional distress. (D.E. 1 ¶¶ 119 – 123).

Plaintiff's causes of action against Defendant rely on mere conclusory assertions devoid of substantive factual information and has not shown that he is entitled to relief.

## II.     ARGUMENT

### A.    Legal Standard

It is well established that in a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true … [and] all reasonable inferences should be drawn in favor of the plaintiff. *Haddad v. Dudek*m 784 F.Supp.2d 1308, 1313-14 (M.D. Fla. 2011) (internal citations omitted); however, it is also well established that a claim should be dismissed if, after accepting the well pleaded allegations as true, the plaintiff is unable to state enough facts to establish that it is plausible the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. at 676 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).

Specifically, the Supreme Court in *Twombly* emphasized that "the line between the factually neutral and actually suggestive … must be crossed to enter the realm of plausible deniability." *Twombly*, 550 U.S. at 557 n.5. Thus, in order for a claim to withstand dismissal, it must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## B. Counts Six Through Eight of Plaintiff's Compliant Should be Dismissed as They Constitute Impermissible Shotgun Pleadings in Violation of Federal Rule of Civil Procedure 8(a)(2)

In the instant case, Counts Six through Eight of Plaintiff's Complaint violate Federal Rule of Civil Procedure 8(a)(2) as they fail to specify the specific conduct Defendant was responsible for.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim that shows that the pleader is entitled to relief." The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001). See also *Hirsch v. Ensurety Ventures, LLC*, 805 Fed. Appx. 987, 992 (11th Cir. 2020) (dismissing a complaint with prejudice where defendants were lumped together); See also *Estate of Bass v. Regions Bank, Inc.*, 947 F. 3d 1352, 1356 n.3 (11th Cir. 2020) (District Courts retain the "authority to dismiss a shotgun pleading on that basis alone.").

The Eleventh Circuit Court of Appeals has identified four categories of shotgun pleadings, including "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). These types of pleadings "[…] fail to one degree or another, and in one way or another, to give the defendants

adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

In the instant matter, Counts Six through Eight of Plaintiff's Complaint commingle multiple claims against Defendant, Tiger Orlando, and Woodspring into single counts without specifying which defendant is responsible for which act(s) or omission(s) or which claim is being brought against which defendant. Counts Six through Eight fail to specify which actions, if any, were committed by each defendant. Rather, Plaintiff generally alleges that "Defendants removed Plaintiff" from the subject premises and that "Defendants called the police" to remove Plaintiff. (D.E. ¶¶ 91, 101). Thus, the individual grounds for liability for each specific defendant remain unclear and so does Defendant's ability to properly frame a response. Counts Six through Eight fail to distinguish precisely what each defendant is alleged to have done sufficiently enough to give Defendant fair notice and enable Defendant to formulate an answer. See *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 819 (11th Cir. 2015); see also *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").

Accordingly, Counts Six through Eight of Plaintiff's Complaint must be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a)(2).

### C. Counts Three through Eight of Plaintiff's Complaint Should be Dismissed as They Fail to Comply with Federal Rule of Civil Procedure 10(b)

Federal Rule of Civil Procedure 10(b) requires that a party "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b) further requires that each claim founded on a separate transaction or occurrence … must be stated in a separate count." However, a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint also constitutes a shotgun pleading. *Estate of Bass v. Regions Bank, Inc.*, 947 F. 3d 1352, 1356 n.3 (11th Cir. 2020).

In the instant case, Plaintiff's Complaint violates Federal Rule of Civil Procedure 10(b) as Plaintiff "realleges and incorporates ... all of the allegations and facts contained in the preceding paragraphs", including allegations unrelated to each specific cause of action. (D.E. 1, ¶¶ 46, 62, 74, 87, 109, 119). For instance, Paragraph 87 of Plaintiff's Complaint realleges and incorporates all the preceding paragraphs, which include Counts One and Two, which asserts claims against Defendant John Doe and Counts Three through Five, which assert claims against Defendant. Accordingly, Counts Three through Eight of Plaintiff's Complaint must be dismissed for failure to comply with Federal Rule of Civil Procedure 10(b).

**D. Count Five of Plaintiff's Complaint Should be Dismissed as Plaintiff Fails to Show that Race was a But-For Cause of Injury**

In the instant case, Count Five of the Plaintiff's Complaint fails to show that race was a but-for cause of injury to the Plaintiff that he alleges was racially motivated. In the Complaint the Plaintiff alleges that Defendant warned him not to break the window or window screen after being found vacuuming his vehicle that was plugged into one of the hotel room's electrical outlets. Count Five of Plaintiff's Complaint alleges that Defendant's comments were racially motivated due to the Plaintiff being Hispanic, Plaintiff being a minority, and that this was Defendant's typical behavior towards minorities. Defendant's Complaint fails to provide a showing of but-for causation as a prerequisite under 42 U.S.C. §1981. See *Comcast Corp v. National Association of African American-Owned Media*, 140 S. Ct. 1009 (2020) ("To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right".).

Here Plaintiff fails to show that racial discrimination was the but-for cause of Defendant's statements not to damage the hotel property. Plaintiff's only evidence presented in his Complaint is a statement regarding his race and a conclusory statement regarding Defendant's past behavior without factual support. Thus, Count Five of the Plaintiff's Complaint must be dismissed.

### E. Counts Three and Seven of Plaintiff's Complaint Should be Dismissed as it Fails to State a Claim for Defamation by Implication

Defamation by implication arises, not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). In other words, defamation by implication is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements. *Id*. Whether a defendant's statements constitute defamation by implication is a question of law for the court to determine. *Turner v. Wells*, 879 F.3d 1254, 1269 (11th Cir. 2018) (affirming dismissal where statements in defendant's report were insufficient to give rise to a claim of defamation by implication under Florida law).

A claim of defamation by implication fails if the complaint does not allege how defendant's allegations were true but gave a false implication or similarly if the complaint only alleges the allegations were false. *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1124 (S.D. Fla. 2021) In *Corsi*, the plaintiff only plead in their complaint that the defendant's allegations were false, the court determined that as such the complaint must be dismissed because the plaintiff had failed to meet the essential elements of proving a claim of defamation by implication. *Id*. at 1124.

Here, Plaintiff pleads that the Defendant and collective defendants committed defamation by implication because they instructed Plaintiff not to damage the property and called emergency services on Plaintiff claiming Plaintiff was an unregistered guest

and that Plaintiff had a pet. (D.E. 1, ¶¶ 56, 110) As such, Plaintiff alleges Defendants defamed him because Defendants made it appear that Plaintiff was engaging in criminal activity, violating policy and trespassing. (D.E. 1 ¶¶ 60, 115) Under a theory of defamation by implication, Plaintiff must allege that the underlying statements are true. However, Plaintiff alleges that statements were false and that "Defendants had no legitimate reason to call emergency services." (D.E. 1, ¶ 111) Thus, under this theory of defamation by implication, Count Three and Seven of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### F. Counts Four and Eight of Plaintiff's Complaint Should be Dismissed as both Fail to State a Claim Upon which Relief can be Granted

The elements of the tort of Intentional Infliction of Emotional Distress ("IIED") are (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and is regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Stanfield v. Suntrust Bank*, No.: 8:15-cv-01472-EAK-TBM, 2016 WL 899279, at *5 (M.D. Fla. Mar. 2, 2016). Florida courts have created a "rather stringent test to state a claim for IIED, stating an IIED case is one in which the recitation of the facts to an average member of the community would arouse [him] and lead him to exclaim, 'Outrageous!'" Where a plaintiff is unable to establish such required conduct or proximate cause, courts grant motions to dismiss. *Id*.

"Under Florida law, whether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of intentional infliction of emotional distress

is a matter of law for the court, not a question of fact." *Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1499–500 (M.D. Fla. 1993). "Although there is no definitive example of what constitutes 'outrageous conduct' for the purposes of maintaining a cause of action for intentional infliction of emotional distress, Florida case law on the subject has evinced a comparatively high standard." *Id*. at 1499.

Counts Four and Eight of Plaintiff's Complaint allege that Defendant and collective defendants' actions were outrageous as defendants were aware that Plaintiff was traveling with two minors and recklessly forced a family to be homeless and had police criminally investigate Plaintiff for knowingly false allegations. (D.E. 1, ¶ 121). Further, Plaintiff does not once in these allegations elaborate on what the alleged discriminatory behavior is, as such Plaintiff is unable to show that Defendant's alleged behavior was outrageous beyond all bounds of decency or that Defendant's alleged behavior was intentional or reckless.

**G.** **Count Six of Plaintiff's Complaint Should be Dismissed as Plaintiff Fails to Meet the Protected Expression or Casual Link Requirements**

The American with Disabilities Act (ADA) is a broad mandate outlining: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the . . . privileges . . . of any place of public accommodation." 42 U.S.C. §12182(a). The phrase 'public accommodation' is defined in terms of twelve extensive categories, which includes hotels. 42 U.S.C. §12181(7). 42 U.S.C.A. §12203(a) prohibits retaliation against rights protected under the ADA, while 42 U.S.C. §12203(b) prohibits interference with rights protected under the ADA.

The Plaintiff does not clarify the section of 42 U.S.C. §12203 under which he is bringing his claim, so Defendant will assume Plaintiff is moving under 42 U.S.C. §12203(a) as Plaintiff makes multiple references to retaliation on the part of the Defendants.

The anti-retaliation provision of the ADA prohibits discrimination against an individual because that individual "opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing" conducted under the statute. See 42 U.S.C. §12203(a). To establish a prima facie case of retaliation under the ADA, a plaintiff must show that (1) they engaged in statutorily protected expression; (2) they suffered an adverse action; and (3) the adverse action was causally related to the protected expression. *Higdon v. Jackson*, 393 F.3d 1211, 1218–19 (11th Cir. 2004). The failure to satisfy any of these elements is fatal to a complaint of retaliation. *Id*.

Protected activities, in the context of an ADA retaliation claim, include protesting against discrimination by industry or by society in general. See Americans with Disabilities Act of 1990 § 503, 42 U.S.C. § 12203(a). The causal link element is construed so broadly so that "a plaintiff merely has to prove that the protected activity and the ... [adverse] action are not completely unrelated." *Id*. A plaintiff satisfies this element if they provide sufficient evidence of knowledge of the protected expression and "that there was a close temporal proximity between this awareness and the adverse ... action." *Id*. The Supreme Court has stated that "mere temporal proximity between

... knowledge of protected activity and an adverse ... action ... must be 'very close. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268 (2001).

Here, Plaintiff has not met the bare minimum of the protected expression or causal link requirements. Instead, Plaintiff merely pleads that he sent "the discrimination opposing email to Gm.Fl34@woodspring.com." (D.E. 1, ¶ 103). Plaintiff's Complaint does not specify whether he was protesting any discrimination exemplified by Defendant or discrimination in general, in fact it does not specify anything at all. (D.E. 1, ¶ 103). Additionally, while Plaintiff claims he sent the e-mail to Gm.Fl34@woodspring.com, Plaintiff does not plead any facts as to who this e-mail address belongs to. Accordingly, Plaintiff does not plead any facts to prove this e-mail is related to Defendant, or that Defendant could have knowledge of this e-mail. Thus, Count Six of Plaintiff's Complaint must be dismissed.

**H.  CONCLUSION**

For these reasons, Defendant respectfully requests that the Court dismiss Counts Three through Eight of Plaintiff's Complaint.

Respectfully submitted on <u>January 23, 2024.</u>

> CARR ALLISON
> 121 S. Orange Ave., Ste. 1500
> Orlando, Florida 32801
> Telephone: (407) 783-6087
>
> By: *Charles R. Frederick, Esq.*
> _____
> CHARLES R. FREDERICK
> Florida Bar No.: 1010962
> RFrederick@CarrAllison.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following, this __23__ day of January, 2024.

Michael Melendez
395 Mendon Road, Apt. 12A
North Smithfield, RI 02896
Jae.Marie614@gmail.com
*Pro se Plaintiff*

Paola Garcia, Esq.
LYDECKER LLP
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Phone: (305) 416-3180
PMG@Lydecker.com
MMH@Lydecker.com
*Attorney for Defendant,*
*Tiger Orlando Sanford, LLC*

*Charles R. Frederick, Esq.*
_____
**Jennifer A. Hoffman, Esq.**
Florida Bar No.: 981605
**Charles R. Frederick, Esq.**
Florida Bar No.: 1010962
CARR ALLISON
121 S. Orange Avenue, Suite 1500
Orlando, Florida 32801
Phone: (407) 783-6087
JHoffman@CarrAllison.com
RFrederick@CarrAllison.com
BBurke@CarrAllison.com
*Attorneys for Defendant,*
*Todd Hamilton*